## PERRY WEST v. JAMES B. MASON.

**Civil Actions—General Character.**

　　　　The rule in civil action is that evidence of the general character of a party to the action, is never admissible; unless the action involves the general character, or directly affects it.

**Unlawful Enterprise—Acts and Declarations.**

　　　　The legal principal governing in cases where several are connected in an unlawful enterprise, when the connnection is established by the evidence, is that every act and declaration of each one in furtherance of the original enterprise, and with reference to the common object is, in contemplation of law, the act and declaration of all.

**Instructions—Abstract Proposition.**

　　　　An instruction which contains a mere abstract proposition without reference to any evidence offered on the trial, should be rejected, and an instruction making one isolated circumstance or fact more prominent than other facts and circumstances, should not be given.

APPEAL FROM GARRARD CIRCUIT COURT.

December 16, 1868.

The instructions referred to in the opinion, are as follows:
First.

"If the jury believe from the evidence that the intention of West was to purchase flour and that he was going for that purpose and had no intention of engaging in the alleged taking of the $400, they should find for the defendant West."

Fourth.

"The fact of West not receiving any portion of the money is a circumstance together with other circumstances elicited in evidence, from which they may infer his innocence."

OPINION OF THE COURT BY JUDGE PETERS:

Mason sued West and Reynolds, charging that they with two Williams wrongfully, and with force took from him $400 in bank notes, and converted the same to their own use.

A verdict, and judgment having been rendered against the defendants below for $535, and a motion for a new trial having been overruled, West seeks a reversal of the judgment on three grounds. 1. That the court below erred in refusing to admit on the trial, evidence of his general character.

2. That improper instructions were given to the jury on motion of appellee. Instructions asked for by appellant were refused which should have been given.

3. That the verdict was contrary to evidence. It is proposed to consider these ·alleged errors in the order in which they are here stated.

As to the 1st objection, the rule in civil actions is that evidence of general character of a party to the action, is never admissible; unless the action involves the general character, or directly affects it. And is never admissible in such actions for injuries to property. 1. *Greenl. Sec.* 54, 55 *and notes.*. This action did not *directly involve* nor directly affect the character of appellant, but was for the restoration of the value of property wrongfully taken, and damages for the wrongful act. The offered evidence was therefore properly refused.

2. The legal principle governing in cases where several are connected in an unlawful enterprise, when the connection is established by the evidence, is that every act and declaration of each one in furtherance of the original enterprise, and with reference to the common object is in contemplation of law the act, and declaration of them all, and all are equally responsible. Neither of the two instructions given on motion of appellee is in conflict with this principle; but substantially confirms to it, and consequently not erroneous.

The first instruction asked by appellant was properly refused; because it contained a mere abstract proposition without reference to any evidence offered on the trial; there is no evidence that there was any flour for sale, at the place where appellee was found on the night his money was taken from him.

Instruction No. 4 asked by appellant was also properly refused, not only because it is in conflict with the law applicable to the evidence as herein stated, but for the further reason that one isolated circumstance or fact was thereby prominently presented as worthy of controlling influence with the jury, and the expression *"with other circumstances elicited by the evidence,"* left it too general and indefinite.

3. The evidence shows that appellant reached the place, where appellee was, in company with the Williams' & Reynolds, and was present with them when they demanded and took from him his money and note; and was during the whole time armed. Of the sufficiency of the evidence to fix the responsibility of appellant for said acts, it was the exclusive province of the jury to judge, and having determined that question, this court has no legal power to interfere with, or disturb their finding.

Wherefore, the judgment is *affirmed.*

*Bradley, Anderson, for appellant.*

*Owsley & Burdett, McKee, for appellee.*